■ In the Matter of the Claim of HAROLD LIVERSIDGE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1971, disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause by provoking his discharge. Claimant, a milling machine and set-up operator employed by Hucktrol, Inc. since 1959, had been on medical leave of absence since December, 1969. Although he returned to work on April 27, 1970, allegedly because of illness, he remained only until April 29. On May 26, 1970 the employer, after learning that claimant had been arrested for driving while intoxicated on May 25 (he later pleaded guilty to a lesser charge), terminated his employment. A report by claimant's physician, dated August 10, 1970, stated that claimant was under his care from December 4, 1969 to August 4, 1970, that claimant's last examination was April 13, 1970 and that claimant was unable to work during the period from April 30 to May 26. A letter from the physician to the employer, dated April 13, 1970, the time of claimant's last visit, had stated that claimant had recovered quite well from his illness and that he should be able to return to half-time work on or about April 20 and full-time work on or about May 1. Claimant testified that he was told by the doctor that he could go back to work when he felt better, but that after he returned to work on April 27 his ankles and feet started swelling and he could not continue working. The board, reversing the Referee's determination, disqualified claimant from receiving benefits effective May 26, 1970 because he voluntarily left his employment without good cause by provoking his discharge, reasoning: "The credible evidence establishes that claimant provoked his discharge. Although he was absent from work because of his alleged illness such excuse was false,

since claimant on May 25, 1970, was arrested for driving his car while under the influence of liquor. This belied his claim that he could not come to work because of an affliction to his foot. Claimant's conduct provoked his discharge and was tantamount to a voluntary leaving of his employment without good cause. It follows that claimant subjected himself to the disqualification provided for in Section 593.1 of the Law." The fact that claimant was arrested for driving his car while under the influence of liquor does not necessarily mean that he was not ill and unable to work. Claimant's alleged symptoms were swollen feet and ankles. He contended that although he could walk for short periods of time he could not work while standing all day. Such a situation is quite possible and the board should have made a finding based upon evidence of claimant's medical condition at the time in question. The decision must, therefore, be remitted since the basis of the board's decision was not proper. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Kane, JJ., concur.